# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
SARAH K. JONES,                       *
                                      *   No. 19-003V
              Petitioner,             *
                                      *   Special Master Christian J. Moran
                                      *
v.                                    *   Filed: January 12, 2021
                                      *
SECRETARY OF HEALTH                   *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * *
```

Glen H. Sturtevant, Jr., Rawls Law Group, Richmond, VA, for Petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Sarah Jones' motion for final attorneys' fees and costs. She is awarded **$28,407.54**.

\* \* \*

On January 2, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the hepatitis B vaccination caused her to develop transverse myelitis. On January 16, 2020, petitioner filed a motion for a ruling on the record, and after briefing from the parties, the undersigned issued his decision denying compensation on April 29, 2020. 2020 WL 2954960 (Fed. Cl. Spec. Mstr. Apr. 29, 2020).

On July 24, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $37,932.50 and attorneys' costs of $1,854.79 for a total request of $39,787.29. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. 3. On August 7, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioners' claim has a reasonable basis throughout the entire case. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Mr. Joseph ("Ted") McFadden, $395.00 per hour for work performed in 2018, and $422.00 per hour for work performed in 2019; and for Mr. Glen Sturtevant, $339.00 per hour for work performed in 2019. These rates are consistent with that counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. See, e.g., Rowell v. Sec'y of Health & Human Servs., No. 18-1951V, 2020 WL 2510435, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2020); Larson v. Sec'y of Health & Human Servs., No. 17-1573V, 2019 WL 4254132, at *2 (Fed. Cl. Spec. Mstr. Aug. 12, 2019); Kovtun v. Sec'y of Health & Human Servs., No. 18-296V, 2019 WL 5098934, at *2 (Fed. Cl. Spec. Mstr. May 30, 2019).

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

At the onset of the case, petitioner received guidance about creating billing entries. Order, issued Jan. 17, 2019. The undersigned has reviewed the submitted billing entries and, on the whole, the billed hours appear to be excessive. For example, 31.55 hours were billed by the paralegal on reviewing medical records

3

and preparing a chronology. That same paralegal plus two attorneys then billed approximately 29.5 hours on preparation of the petition. See generally Fees App. Ex. 1. This time is exclusive of any time spent by Petitioner's counsel, Mr. Sturtevant and Mr. McFadden, to also review the medical records or the prepared chronology. Based upon the records of the case and the petition, the undersigned finds this total amount of time to be excessive.

There are other smaller examples of excessive time billed. On July 19, 2018, a paralegal spent more than a half-hour to request a VAERS report. A status report filed on September 9, 2019, which was two sentences long excluding the case caption and signature block, was billed for over an hour. Fees App. Ex. 1 at 10. Almost all correspondence was billed for a minimum of .2 hours, with many examples billed for longer than that. While it is possible that these entries may represent the combined total of time spent on correspondence that day (e.g., multiple e-mails and/or phone calls rolled into a single billing entry), it is not clear from the billing entries that that is the case. In the undersigned's experience, it is very unlikely that all e-mails and phone calls took a minimum of 12 minutes to do.

Accordingly, the undersigned finds that a 30% overall reduction is appropriate to offset the issues noted above. This results in a reduction of $11,379.75.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,854.79 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and photocopies. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$28,407.54** (representing $26,552.75 in attorneys' fees and $1,854.79 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Glen Sturtevant, Jr.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.